Debtor  Scintilla Pharmaceuticals, Inc.        Case number *(if known)* _____
         Name

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: **Southern District of Texas** (State) |
| Case number *(if known)*: _____  Chapter  __11__ |

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy     06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's Name**      Scintilla Pharmaceuticals, Inc.

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)    47-4207956

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **7 Switchbud Place, Suite 192-513** | **4955 Directors Place** |
| Number       Street | Number       Street |
| **P.O. Box 513** | |
| **The Woodlands**   **TX**   **77380** | **San Diego**   **CA**   **92121** |
| City   State   Zip Code | City   State   Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Montgomery** | Number       Street |
| County | |
| | City   State   Zip Code |

**5. Debtor's website** (URL)      https://sorrentotherapeutics.com/

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify:

Official Form 201                   Voluntary Petition for Non-Individuals Filing for Bankruptcy                   page 1

Debtor   Scintilla Pharmaceuticals, Inc.
         Name

Case number (if known) _____

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3254 (Pharmaceutical and Medicine Manufacturing)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes   District _____ When _____ (MM/DD/YYYY)   Case number _____
         District _____ When _____ (MM/DD/YYYY)   Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes   Debtor   **Sorrento Therapeutics, Inc.**   Relationship   **Affiliate**
         District **Southern District of Texas**    When:   **02 / 13 / 2023**  MM / DD / YYYY
         Case number, if known _____

| Debtor | Scintilla Pharmaceuticals, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number    Street

_____
City              State       Zip Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

[1] The Debtors' estimated number of creditors, assets, and liabilities noted here are provided on a consolidated basis.

Debtor   Scintilla Pharmaceuticals, Inc.        Case number *(if known)*
         Name

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **02 / 13 / 2023**
              MM/ DD / YYYY

✗ /s/ *[signature]*                                           Dr. Henry Ji
   Signature of authorized representative of debtor            Printed name

   Title   **Chief Executive Officer**

**18. Signature of attorney**

✗  /s/ *Matthew D. Cavenaugh*                    Date  **02 / 13 / 2023**
   Signature of attorney for debtor                    MM/DD/YYYY

**Matthew D. Cavenaugh**

**JACKSON WALKER, LLP**
Firm name

**1401 McKinney Street, Suite 1900**
Number              Street

**Houston**                                          **Texas**          **77010**
City                                                  State              ZIP Code

**(713) 752-4200**                                   **mcavenaugh@jw.com**
Contact phone                                         Email address

**24062656**                                         **Texas**
Bar number                                            State

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 4

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Scintilla Pharmaceuticals, Inc.** |
| United States Bankruptcy Court for the: | **Southern District** District of **Texas** (State) |
| Case number (If known): | **23-XXXXX** |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders       12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | NantCell, Inc.<br>9920 Jefferson Blvd<br>Culver City, CA 90232 | | | | | | $156,829,562.00 |
| 2 | NANTibody LLC<br>9920 Jefferson Blvd<br>Culver City, CA 90232 | | | | | | $16,681,521.00 |
| 3 | Paul Hastings LLP<br>515 S Flower St<br>Suite 2500<br>Los Angeles, CA 90071 | | | | | | $11,470,493.00 |
| 4 | JB Pacific, Inc.<br>11633 Sorrento Valley Rd<br>Suite 103<br>San Diego CA 92121 | | | | | | $4,485,396.00 |
| 5 | Latham & Watkins LLP<br>555 Eleventh St NW<br>Suite 1000<br>Washington, DC 20004 | | | | | | $3,888,196.00 |
| 6 | Aditus Partners, LLC<br>568 Garden Way<br>Edgewood KY 41017 | | | | | | $2,800,000.00 |
| 7 | Mayo Clinic<br>200 First St SW<br>MN Biobusiness 4<br>Rochester, MN 55905 | | | | | | $2,246,974.00 |
| 8 | Global Life Sciences Solutions USA LLC<br>100 Results Way<br>Marlborough, MA 01752 | | | | | | $1,382,227.00 |

Debtor Name  **Scintilla Pharmaceuticals, Inc.**     Case Number     **23-XXXXX**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9  Ernst & Young U.S. LLP<br>200 Plaza Dr<br>Secaucus NJ 07094 | | | | | | $1,080,000.00 |
| 10 Precision Oncology Acqusition Co. Inc. (DBA: Precision for Medicine)<br>200 Route 31 North, Suite 102<br>Flemington, NH 08822 | | | | | | $1,065,422.00 |
| 11 Synova Pesquisa Cientifica LTDA.<br>Av. Brigadeiro Faria Lima, n 1912, 8 Floor<br>8B Jardin Paulistano, Sau Paulo<br>San Paulo, 01451-907<br>Brazil | | | | | | $872,760.00 |
| 12 Cooley LLP<br>101 California St<br>5th Floor<br>San Francisco, CA 94111-5800 | | | | | | $783,394.05 |
| 13 Indena, Banca Popolare DI Milano<br>AG 24 Milano ABI 05584 CAB<br>01624 C/C 6733<br>Italy | | | | | | $732,870.66 |
| 14 Karolinska Instutet<br>Department of Medicine<br>Huddinge, 171 77 Stockholm<br>Sweden | | | | | | $591,701.73 |
| 15 Linical Accelovance America, Inc.<br>789 SW Federal Hwy<br>Suite 212<br>Stuart FL 34994 | | | | | | $548,559.91 |
| 16 First Insurance Funding<br>450 Skokie Blvd<br>Suite 1000<br>Northbrook, IL 60062 | | | | | | $547,895.04 |
| 17 Worldwide Clinical Trials Scilex<br>3800 Paramount Pkwy<br>Suite 400<br>Morrisville NC 27560 | | | | | | $537,134.21 |
| 18 Life Technologies Corp.<br>12088 Collection Center Dr<br>Chicago IL 60693 | | | | | | $499,735.62 |
| 19 Emas Pharma Limited<br>Knowl Piece, Wilbury Way<br>Hitchin, SG4 0TY<br>United Kingdom | | | | | | $492,943.93 |
| 20 Protiviti Inc.<br>2613 Camino Ramon<br>San Ramon CA 94583 | | | | | | $483,801.07 |

Debtor Name **Scintilla Pharmaceuticals, Inc.**     Case Number     **23-XXXXX**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 AB Sciex LLC<br>62510 Collections Center Dr<br>Cook, IL 60693 | | | | | | $476,594.51 |
| 22 Charles River Laboratories<br>PO Box 27812<br>New York, NY 10087 | | | | | | $475,917.41 |
| 23 Roger Williams Medical Center<br>Office of Research Administration<br>Providence, RI 02908 | | | | | | $472,600.35 |
| 24 Advance Instruments LLC<br>PO Box 23302<br>New York, NY 10087 | | | | | | $410,232.00 |
| 25 BSP Pharmaceuticals<br>Via Appia km. 65, 651 04013<br>Latina Scalo (LT)<br>Italy | | | | | | $359,440.43 |
| 26 Human Gene Exploration Technologies LLC (Hugenx)<br>530 Technology Dr, Suite 100<br>Irvine, CA 92618 | | | | | | $299,275.00 |
| 27 Trilink Bio<br>PO Box 889189<br>Los Angeles, CA 90088-9189 | | | | | | $292,657.00 |
| 28 Morris, Nichols, Arsht & Tunnell LLP<br>1201 N Market St, 16th Floor<br>Wilmington, DE 19801 | | | | | | $274,726.39 |
| 29 Baker Botts L.L.P.<br>PO Box 301251<br>Dallas TX 75303-1251 | | | | | | $257,051.67 |
| 30 Silex Microsystems<br>PO Box 595<br>175 26 Jarfalla<br>Sweden | | | | | | $242,443.00 |

**\* The Debtor reserves its right to amend this list as needed.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| Scintilla Pharmaceuticals, Inc. | ) Case No. 23-_____(___) ) |
| Debtor. | ) ) |

**LIST OF EQUITY SECURITY HOLDERS[1]**

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "Debtor") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐   There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒   The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Percentage of Interests Held |
|---|---|
| Sorrento Therapeutics, Inc. 4955 Directors Place San Diego, CA 92121 | 100% of Stock |

---

[1] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Chapter 11 Case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Scintilla Pharmaceuticals, Inc. | ) Case No. 23-_____(___) |
| Debtor. | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Percentage of Equity Interests Held |
|---|---|
| Sorrento Therapeutics, Inc. | 100% |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name  **Scintilla Pharmaceuticals, Inc.** | |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| | (State) |
| Case number (If known): | |

Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*
- ☐ Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*
- ☐ Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*
- ☐ Schedule H: Codebtors *(Official Form 206H)*
- ☐ Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*
- ☐ Amended Schedule ____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration: List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**02 / 13 / 2023**
MM/ DD/YYYY

☒ /s/ *[signature]*

Signature of individual signing on behalf of debtor

**Dr. Henry Ji**
Printed name

**Chief Executive Officer**
Position or relationship to debtor

Official Form 202         Declaration Under Penalty of Perjury for Non-Individual Debtors

**ACTION BY UNANIMOUS WRITTEN CONSENT
OF THE BOARD OF DIRECTORS OF
SCINTILLA PHARMACEUTICALS, INC.
a Delaware corporation**

**WHEREAS**, management of **SCINTILLA PHARMACEUTICALS, INC.** (the "**Corporation**") seeks approval from the Corporation's Board of Directors (the "**Board**") of a proposal whereby the Corporation would (A) file a voluntary petition in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") pursuant to Chapter 11 of the United States Bankruptcy Code (the "**Chapter 11 Filing**," and such case, the "**Chapter 11 Case**"), (B) in connection therewith, have the power and authority to effectuate any postpetition financing transactions that may arise during the Chapter 11 Case, such as the incurrence of secured or unsecured debt or equity financing or the consensual or nonconsensual use of cash collateral (each, a "**Financing Transaction**"), and (C) evaluate other potential strategic transactions that may arise within or related to the Chapter 11 Case (the "**Potential Transactions**"); and

**WHEREAS**, in connection therewith, the Corporation seeks to appoint Mr. Mohsin Meghji as Chief Restructuring Offer of the Corporation; and

**WHEREAS**, in further connection therewith, the Corporation seeks to retain certain outside advisors, including M3 Partners (as financial advisor and investment banker), Jackson Walker LLP (as restructuring counsel), Latham & Watkins LLP (as special corporate, finance, and litigation counsel), and Stretto (as claims and noticing agent); and

**WHEREAS**, the Board has reviewed and considered the circumstances of the Corporation, including its current and future liabilities and strategic alternatives, and has determined that a Chapter 11 Filing is in the Corporation's best interests; and

**WHEREAS**, the Board wishes to provide the Corporation with authority to commence a Chapter 11 Case, effectuate any Financing Transaction, and evaluate any other Potential Transactions.

**CHAPTER 11 FILING**

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby authorizes the Corporation to, working with its outside advisors, effectuate the Chapter 11 Filing, commence the Chapter 11 Case, and evaluate the Potential Transactions; and it is further

**RESOLVED**, that each proper officer of the Corporation be, and hereby is, acting singly, authorized to take all such steps and do all such acts and things as they shall deem necessary or advisable to commence the Chapter 11 Case, including, but not limited to, employing and retaining all assistance by legal counsel and accountants, financial advisors, and other professionals; executing, verifying, and delivering a voluntary petition in the name of the Corporation under Chapter 11 of the United States Bankruptcy Code and causing the same to be filed with the Court together with the execution, delivery and filing of any

1

other documents and customary first day pleadings; and the taking of any and all other actions necessary or desirable to make, execute, verify, and file all applications, certificates, documents, or other instruments and to do any and all acts and things that are necessary, advisable, or appropriate in order to carry out the intent and purpose of any and all of the foregoing resolution to commence Chapter 11 Case for the Corporation; and it is further

**CHAPTER 11 PROFESSIONALS**

**RESOLVED**, that Mr. Mohsin Meghji shall serve as Chief Restructuring Officer of the Corporation and shall have the powers and duties as set forth in his engagement letter, for the term set forth in such letter or, if earlier, until his earlier resignation or removal; and it is further

**RESOLVED**, that the Corporation is authorized, directed, and empowered to employ and retain M3 Partners as financial advisor and investment banker for the Chapter 11 Case, pursuant to the terms of its engagement letter and subject to Court approval; and it is further

**RESOLVED**, that the Corporation is authorized, directed, and empowered to employ and retain Jackson Walker LLP as restructuring counsel (for purposes of section 327(a) of the Bankruptcy Code) for the Chapter 11 Case, pursuant to the terms of its engagement letter and subject to Court approval; and it is further

**RESOLVED**, that the Corporation is authorized, directed, and empowered to employ and retain co-counsel and conflicts counsel (pursuant to section 327(a) of the Bankruptcy Code) for the Chapter 11 Case, subject to Court approval; and it is further

**RESOLVED**, that the Corporation is authorized, directed, and empowered to employ and retain Latham & Watkins LLP as special corporate, financing, and litigation counsel (for purposes of section 327(e) of the Bankruptcy Code) for the Chapter 11 Case, pursuant to the terms of its engagement letter and subject to Court approval; and it is further

**RESOLVED**, that the Corporation is authorized, directed, and empowered to employ and retain Stretto as claims and noticing agent for the Chapter 11 Case, pursuant to the terms of its engagement letter and subject to Court approval; and it is further

**FINANCING TRANSACTION**

**RESOLVED**, that, in connection with such Chapter 11 Case the Corporation be, and hereby is, authorized to (x) enter into one or more agreements to consummate one or more Financing Transactions and (y) take all actions contemplated thereby, in each case to the extent a proper officer of the Corporation shall deem it necessary or appropriate; and it is further

**RESOLVED**, that, in any connection with the Chapter 11 Case and any such Financing Transaction, the Corporation be, and hereby is, authorized to grant a security interest in, pledge, or otherwise encumber, as security for the obligations under any such Financing Transaction, the assets of the Corporation, to the extent a proper officer of the Corporation shall deem it necessary or appropriate; and it is further

**RESOLVED**, that, in connection with the Chapter 11 Case and any such Financing Transaction, each proper officer of the Corporation is hereby authorized and empowered to do or cause to be done all such acts or things and to execute and deliver, or cause to be executed and delivered, under seal or otherwise, acting alone or in combination, all such acts, acknowledgments, affidavits, agreements, certificates, documents, filings, instruments, letters, notices, recordings, statements, transactions, waivers or undertakings (including, without limitation, any and all certificates and notices required to be given or made under the terms, conditions or provisions of any of the agreements, documents or instruments executed therewith), in the name and on behalf of any Corporation and on behalf of each of the Corporation's direct or indirect subsidiaries, required by the Financing Transaction, to the extent a proper officer of the Corporation shall deem it necessary or appropriate; and it is further

**GENERAL AUTHORIZATION; RATIFICATION OF PAST ACTS**

**RESOLVED**, that the Corporation's President be, and hereby is, directed to cause a copy of these Resolutions of the Board of Directors to be inserted into the minute book of the Corporation; and it is further

**RESOLVED**, that the "proper officers" of the Corporation shall mean the Corporation's Chief Executive Officer, President, Treasurer, or Chief Restructuring Officer; and it is further

**RESOLVED**, that any proper officer's execution of any document or performance of any act, in each case, authorized by the foregoing resolutions or any document executed or act performed, in each case, by any proper officer in the accomplishment of any action or actions so authorized, is (or shall become upon delivery) the enforceable and binding act and obligation of the Corporation, without the necessity of the signature or attestation of any other officer or representative of the Corporation; and it is further

**RESOLVED**, that the proper officers be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to (1) make or cause to be made such agreements, amendments, instruments, filings and applications; (2) execute and deliver or cause to be executed or delivered such agreements, amendments, instruments, filings and applications; and (3) do or cause to be done such acts and things, in each case as each such proper officer deems necessary, appropriate or advisable in order to implement the intent and purposes of the foregoing resolutions, and that any and

all prior acts, acknowledgments, affidavits, agreements, certificates, documents, filings, instruments, letters, notices, recordings, statements, transactions, waivers or undertakings done (or not done) on behalf of the Corporation consistent with the foregoing resolutions be, and the same hereby are, adopted, authorized, ratified, approved and confirmed in all respects as acts of the Corporation.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Directors of Scintilla Pharmaceuticals, Inc., a Delaware corporation, hereby consent to and adopt the foregoing resolutions as of February 12, 2023, and waive the requirement that a meeting be held to accomplish the same.

*Dr. Henry Ji*
_____
Henry Ji, Ph.D.